[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The first assignment of error, alleging that the trial court erred by ordering Michael A. Griffith to contribute toward his son's school tuition, is overruled. Griffith waived any objection to the magistrate's consideration of the issue of tuition payments for his son, because he did not object at the magistrate's hearing on the basis of lack of notice, nor did he request a continuance. See Asher v. Asher (Nov. 18, 1987), Hamilton App. No. C-870016, unreported. In addition, Griffith cross-examined his ex-wife about the availability of a special education program in the public schools in the area where she resided.
The trial court had the discretion to determine whether the private education was appropriate and to issue a separate order for tuition payments. See Barnhart v. Barnhart (Dec. 9, 1998), Summit App. No. 18868, unreported; R.C. 3113.215(B)(5)(f). Following a review of the record, we hold that the trial court did not abuse its discretion in ordering Griffith to pay a portion of his son's tuition, because the trial court's decision was not unreasonable, arbitrary or unconscionable. See Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
The second assignment of error, which alleges that, at the hearing on Griffith's objections to the magistrate's decision, the trial court erred in refusing to admit Griffith's affidavit and testimony that the public school district where his ex-wife and son resided had a program for learning-disabled students, is overruled. The trial court did not abuse its discretion in refusing to admit the evidence, because Griffith did not demonstrate that with reasonable diligence he could not have produced the evidence for the magistrate's consideration. See Civ.R. 53(E)(4)(b).
The third assignment of error, alleging that the trial court erred in failing to require documentation in the form of "explanation of benefits forms" from the child's insurer to verify uninsured medical expenses, is overruled. Griffith agreed on the record to pay the medical expenses. There is no evidence in the record that Griffith's ex-wife had refused to provide him with an "explanation of benefits" or a record of the medical expenses.
Therefore, the judgment of the trial court is affirmed.
Doan, P.J., Gorman and Sundermann, JJ.